UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

    v.                                   CRIMINAL NO. 2:11-cr-34

ABDI JAMA AQID,

            Defendant.

## OPINION

This matter comes before the court on Defendant's pro se "Motion for a Reduction in Sentence" ("Compassionate Release Motion" or "Motion"), filed on May 2, 2024. ECF No. 1286. The United States opposes the Compassionate Release Motion, ECF No. 1303, and the court addresses the Motion and opposing arguments herein. For the reasons explained below, Defendant's Compassionate Release Motion is **DENIED.**[1]

### I. PROCEDURAL HISTORY

On May 24, 2011, Defendant pleaded guilty to one count of piracy under the law of nations, in violation of 18 U.S.C. §§ 1651

---

[1] In a fleeting mention, Defendant requests counsel to assist him with the instant motion. See ECF No. 1286 at 10. There is no constitutional right to counsel in post-conviction proceedings. See Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997); see also United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (finding that the court need not appoint counsel for a Section 3582(c) motion). Moreover, Defendant has not shown that his case "presents exceptional circumstances" such that appointment of counsel is warranted. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Accordingly, to the extent the Motion requests counsel, the Motion is **DENIED.**

and 2.  ECF No. 198 (Plea Agreement).  On March 30, 2012, the court held a sentencing hearing and considered the statutory sentencing factors under 18 U.S.C. § 3553(a).  ECF No. 435 (Sentencing Hearing).  The court sentenced Defendant to a mandatory statutory term of life imprisonment. <u>See</u> ECF No. 437 (Judgment).  Defendant is currently incarcerated at the United States Penitentiary, Atwater ("USP").[2]

Defendant's instant Compassionate Release Motion, filed <u>pro se</u>, was docketed on May 2, 2024. ECF No. 1286. On May 3, 2024, the court ordered the United States to respond to the Compassionate Release Motion, requiring the United States to "address whether Defendant has exhausted his administrative remedies, include all pertinent documents from the Bureau of Prisons ('BOP'), and explain whether the United States opposes Defendant's Motion." ECF No. 1290 at 3. On June 27, 2024, the United States filed a Response in Opposition, ECF No. 1303 ("Response"). This matter is now ripe for judicial decision.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the court may modify a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." Before the court may consider such motion, however, the defendant must have "fully

---

[2] Bureau of Prisons ("BOP"), <u>Find an inmate</u>, https://www. bop.gov/inmateloc/.

2

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must have been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has clarified that defendants may satisfy the exhaustion requirement by "wait[ing] 30 days from the date of their initial request to file a motion in the district court," even if the warden has already responded to their request. United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021) (collecting cases). The court further clarified that the exhaustion requirement "is a non-jurisdictional claim-processing rule," and therefore "may be waived or forfeited." Id. at 130.

The United States argues that because Defendant's 2021 request, ECF No. 1142-2 at 2, is "only semi-related to his current grounds for relief," and "Defendant is attempting to use his three-year-old request to the BOP as a constructively current and active request to satisfy the exhaustion requirement of his current motion," that Defendant's 2021 request does not satisfy the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A). See ECF No. 1303 at 6-7. The United States appears to believe that Defendant is relying on his March 4, 2021, request to meet the exhaustion requirement for the instant motion. See id. at 4, 6. However, Defendant attached a response from the warden denying a

3

request for compassionate release filed on February 12, 2024. ECF 1286-1 at 3. The United States does not acknowledge this request, nor does it make any arguments as to why it should not be considered. Accordingly, the United States' argument that Defendant has not submitted a timely request is without merit.

The United States' argument that Defendant's request is "only semi-related to his current grounds for relief," is persuasive but not availing. The Fourth Circuit has held that "§ 3582(c)(1)(A) does not require issue exhaustion." United States v. Ferguson, 55 F.4th 262, 269 (4th Cir. 2022). In clarifying the scope of its holding, the court noted that "Ferguson makes clear that a compassionate release motion in the district court is not limited to only those grounds for compassionate release the defendant identified in his request to the BOP." United States v. Brown, 78 F.4th 122, 130 (4th Cir. 2023) (internal quotation marks and citation omitted). Accordingly, the court may consider issues in Defendant's Motion regardless of whether he included them in his 2024 request. See e.g., United States v. Coleman, 2024 WL 1559535, at *7 (E.D. Va. Apr. 10, 2024) (Lauck, J.) (finding that while "[i]t is true that [defendant's] request to the BOP was vague," based on the holding in Ferguson, "this court declines to impose a strict exhaustion requirement and will instead consider [the defendant's] Motion for Compassionate Release on the merits"); United States v. Washington, 2023 WL 2796486, at *2-3 (E.D. Va.

Apr. 5, 2023) (Alston, J.) (finding that although the defendant only cited a sentencing disparity in his request to the BOP, the court would consider his additional arguments of susceptibility to COVID-19 and rehabilitation in evaluating his motion for compassionate release).

Since thirty (30) days have passed since Defendant made this request on February 12, 2024, ECF No. 1286-1 at 3, Defendant has satisfied the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A), although this conclusion is generous to Defendant, as his 2024 application to the BOP is certainly not "crystal clear."

### III. MERITS

As a general matter, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, Congress created an exception to that general rule allowing the court to reduce a defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In considering a motion for compassionate release under § 3582(c)(1)(A)(i), the court must determine: "(1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission." United States v. Malone, 57 F.4th 167, 173 (4th Cir. 2023). "Only after this analysis may the

district court grant the motion if (3) the relevant 18 U.S.C.
§ 3553(a) factors, to the extent they are applicable, favor
release." Id.

### A. Extraordinary and Compelling Reasons

Defendant argues that his sentence is unusually long such
that it creates a gross disparity when compared with similarly
situated defendants. ECF No. 1286 at 1, 8. Defendant also argues
that his "acceptance of responsibility, relatively young age at
the time of the offense, cooperation with the government, and his
rehabilitation while incarcerated—confirm that the gross disparity
in this case is extraordinary and compelling." Id. at 8.

In determining whether Defendant has presented an
extraordinary and compelling reason, the court looks to those
reasons outlined in United States Sentencing Guidelines
("U.S.S.G.") § 1B1.13(b). As the United States notes, Defendant
appears to be making an argument under § 1B1.13(b)(6). See ECF
No. 1286 at 5.

### 1. § 1B1.13(b)(6) Unusually Long Sentence

Though titled "Unusually Long Sentence," § 1B1.13(b)(6) is
better characterized as the exclusive means through which courts
may find that a change in law, in and of itself, presents an
extraordinary and compelling reason. Under § 1B1.13(b)(6), a court
may find that such a change is an extraordinary and compelling
reason when: (1) "a defendant received an unusually long sentence

and has served at least 10 years" of that sentence, (2) there has been a "change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive), and (3) "such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]" § 1B1.13(b)(6)(emphasis added). The policy statement makes clear that this is the only means of considering a change in the law. § 1B1.13(c) ("Except as provided in subsection (b)(6), a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."); see United States v. Davis, 99 F.4th 647, 654 (4th Cir. 2024) ("If the intervening change in law would not produce a gross disparity, a defendant cannot rely on the change in law as an extraordinary and compelling reason for relief.").

The United States rightly contends that Defendant has not met the requirements of § 1B1.13(b)(6). Defendant does not reference any change in the piracy statute under which he was charged, nor any other qualifying change in law.[3] See United States v. Dire,

---

[3] Defendant seems to argue that the November 1, 2023 amendment (Amendment 814) to Section 1B1.13 constitutes a "change in the law" for purposes of § 1B1.13(b)(6). See ECF No. 1286 at 8. This is mistaken, as § 1B1.13(b)(6) specifically requires "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)." § 1B1.13(b)(6). Since Amendment 814 is an amendment to the Guidelines Manual that has not been made retroactive, it does not qualify as a "change in the law" under

__F. Supp. 3d__, 2024 WL 4259871, at *4 (E.D. Va. Sep. 20, 2024) (Davis, C.J.) (noting that § 1B1.13(b)(6) was inapplicable because "the mandatory life sentence required by the piracy statute has not been amended by Congress") (emphasis in original). As a result, Defendant has not shown an extraordinary and compelling reason under § 1B1.13(b)(6).

### 2. § 1B1.13(b)(5) Other Reasons

Although § 1B1.13(b)(6) is not applicable, the court may still consider Defendant's argument that his sentence is disproportionate. The court may do so under § 1B1.13(b)(5), often referred to as the statute's "catchall" provision. Under § 1B1.13(b)(5), the court may consider any reason (subject to limitations in the statue) as extraordinary and compelling that "when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." § 1B1.13(b)(5).[4]

---

§ 1B1.13(b)(6). See United States v. Robbs, 2024 WL 949186, at *2 (W.D.N.C. Mar. 5, 2024) ("Amendment 814 is not itself retroactive[.]").

[4] In McCoy, the Fourth Circuit found that, under then-existing U.S. Sentencing Guidelines, there were no applicable policy statements for inmate-filed compassionate release motions. United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). As such, district courts were not confined to considering only the extraordinary and compelling reasons listed in U.S.S.G. § 1B1.13(b). Id. Newly amended U.S. Sentencing Guidelines went into effect on November 1, 2023, and the policy statement now incorporates inmate-filed compassionate release motions.

Under § 1B1.13(b)(5), a court may find that the "sheer and unusual length" of a defendant's sentence constitutes an extraordinary and compelling reason. McCoy, 981 F.3d at 285. One way a defendant may meet this standard is by showing that his sentence is "sheer and unusual" when compared to the national average sentences for more severe crimes. See United States v. Brown, 78 F.4th 122, 131 (4th Cir. 2023) (comparing the sentence Defendant received for various drug distribution and gun possession offenses with the average sentences for murder and kidnapping respectively).

Defendant makes this argument in the instant case. According to Defendant, in 2020, the average sentence for federal defendants convicted of murder with a criminal history category of III was

---

Accordingly, the court's consideration of extraordinary and compelling reasons for an inmate-filed compassionate release motion is now confined to those reasons specified in § 1B1.13(b). However, the broad "catchall" provision in § 1B1.13(b)(5) preserves the court's broad discretion to consider any proposed extraordinary and compelling reason not otherwise disallowed under § 1B1.13. See United States v. Brown, 706 F. Supp. 3d 516, 519 (D. Md. 2023) ("This catchall maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release."). Because the catchall provision was meant to preserve the discretion inherent to the pre-amendment scheme, the court will continue to apply pre-amendment caselaw. See id. ("Indeed, the catchall provision is a nod to McCoy, and other similar precedents, indicating that it is intended to largely maintain the status quo."); see also Delavan v. United States, 2024 WL 2958956, at *3 (E.D. Va. June 12, 2024) (Jackson, J.) (quoting McCoy, 981 F.3d at 284) ("This catchall provision allows courts to continue to exercise discretion in considering 'any extraordinary and compelling reason for release that a defendant might raise.'").

9

300 months, with a median of 240 months. See ECF No. 1286 at 8. In 2023, Defendant claims that the average sentence for federal Defendants convicted of murder with a criminal history category of II was 230 months, with a median of 180 months. Id. Defendant juxtaposes this against his own sentence, which he characterizes as "life imprisonment without the eligibility of parole for being a driver of a boat." Id.

Even accepting Defendant's statistical claims as true, they do not warrant a sentence reduction. Defendant's argument is based on the mistaken premise that piracy is a less serious crime than murder. Relying on circuit precedent, this court has repeatedly affirmed the seriousness of piracy as well as the appropriateness of 18 U.S.C. § 1651's mandatory sentence of life imprisonment, holding that the sentence "reflects a rational legislative judgment . . . that piracy in international waters is a crime deserving of one of the harshest of penalties." United States v. Aqid, 555 F. Supp. 3d 279, 283 (E.D. Va. 2021) (Smith J.) (quoting United States v. Said, 798 F.3d 182, 199 (4th Cir. 2015)); c.f., United States v. Under Seal, 819 F.3d 715, 723 (4th Cir. 2016) ("Legislatures, not courts, are charged with articulating the authorized penalties for criminal conduct."). Because Defendant's comparison is faulty, it does not show that his sentence of life imprisonment is of "sheer and unusual length."

Defendant also argues that his "acceptance of responsibility, relatively young age at the time of the offense, cooperation with the government, and his rehabilitation while incarcerated—confirm that the gross disparity in this case is extraordinary and compelling." ECF No. 1286 at 8. None of these factors, either individually or in combination, present an extraordinary and compelling reason for his release.

Taking each argument in turn, Defendant argues that his acceptance of responsibility constitutes an extraordinary and compelling reason. While courts consider acceptance of responsibility as a factor during sentencing, they do not necessarily weigh it heavily in evaluating a motion for compassionate release. See e.g., United States v. Rivera, 2024 WL 706961, at *3 (S.D.N.Y. Feb. 21, 2024) ("[The defendant] previously accepted responsibility for his actions, and his continued remorse is not extraordinary and compelling."). Nonetheless, it is still a factor the court may consider, though it does little to move the needle in favor of compassionate release.

Defendant also argues that his "relatively young age" at the time of the crime is an extraordinary and compelling reason. It should be noted that the Defendant was twenty-five (25) years old at the time of his offense. He was not a minor. While a defendant's "relative youth" can cut in favor of compassionate release, it is but "one of several factors" a court must consider. United States

11

v. Reed, 2023 WL 2934917, at *5 (E.D. Va. Apr. 13, 2023) (Jackson, J.) (citing McCoy, 981 F.3d at 288). As such, it is not itself an extraordinary and compelling reason but will be considered as a factor.

Defendant's rehabilitation while incarcerated also does not constitute an "extraordinary and compelling" reason by itself. The policy statement mandates that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," but that "rehabilitation . . . may be considered in combination with other circumstances[.]" § 1B1.13(d). While the court credits Defendant for his completion of various programs while incarcerated, as well as his clean disciplinary record, these facts do not weigh to tip the balance in favor of compassionate release. See United States v. Burale, 2022 WL 1439663, at *6-7 (E.D. Va. May 6, 2022) (Smith, J.) (finding defendant satisfied baseline expectations by completing twenty (20) educational courses, having a job while incarcerated, completing a drug education program, and having no disciplinary infractions for several months). Rather, these are merely "'the things that prisoners are supposed to do' while incarcerated." Id. (citing United States v. Logan, 532 F. Supp. 3d 725, 735 (D. Minn. 2021)). Accordingly, the court will consider Defendant's rehabilitation efforts as a factor favoring compassionate release, but only slightly.

12

Taken together, Defendant's claims of acceptance of responsibility, relative youth, and rehabilitation do not constitute an extraordinary and compelling reason for compassionate release. While all three factors favor compassionate release, the court cannot find that they "are similar in gravity" to the extraordinary and compelling reasons enumerated in § 1.1B13(b)(5). Defendant has simply not distinguished himself from thousands of other young individuals who made bad decisions, as there is nothing "extraordinary and compelling" about a defendant who committed a crime in his mid-twenties, accepted responsibility, and undertook reasonable rehabilitation efforts while incarcerated. These circumstances alone or together are not extraordinary and cannot warrant compassionate release, especially given Defendant's conviction involved piracy on the high seas.

Accordingly, Defendant has not presented an extraordinary and compelling reason justifying relief under § 3582(c)(1)(A)(i).

## B. SECTION 3553(a) FACTORS

Since Defendant has not provided any extraordinary and compelling reason justifying relief, alone or taken together, the court need not reach the 18 U.S.C. § 3553(a) sentencing factors. See United States v. Smith, 2024 WL 126994, at *4 n.9 (W.D. Va. Jan. 11, 2024) (declining to address the § 3553(a) factors where the defendant failed to show an extraordinary and compelling reason (citing Malone, 57 F.4th at 174)). However, the court elects to

13

briefly address the § 3553(a) factors here to underscore why relief would be inappropriate. At this juncture, the court notes the specific facts of Defendant's case.

The Defendant was one of nineteen pirates, involved in this conspiracy, who hijacked a United States flagged vessel, the sailboat Quest, with high-powered firearms; held the four Americans on board hostage over the course of days; and attempted to bring the hostages back to Somalia for ransom. See ECF No. 277 at ¶¶ 28-31. Following a standoff with the United States Navy, while attempting to rescue the hostages and secure the Quest, one pirate fired a rocket-propelled grenade toward a Navy ship and the pirates thereafter began firing weapons from the Quest. Id. at ¶ 32. Soon after, a group of Navy SEALs boarded and secured the Quest, but the pirates had already killed all four American hostages. Id.

Defendant's claim that he was merely "a driver of a boat" grossly diminishes his role and the seriousness of his conduct. ECF No. 1286 at 8. Defendant's actions in facilitating the hijacking ultimately contributed to the death of four people. He was an integral part of getting his co-conspirators to the Quest, and without transportation to the Quest from Somalia, the hijacking could not have occurred in the first instance. That Defendant did not actually shoot the hostages does little to diminish his culpability, as "current law continues to support the mandatory

14

punishment of life imprisonment for all species of piracy." See Dire, 2024 WL 4259871, at *4 (emphasis in original) (citing United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008), abrogated on other grounds by Rodriguez v. United States, 575 U.S. 348 (2015))). As this court emphasized during sentencing, "[t]he fact that [Defendant] was not one of those that directly murdered the victims in no way excuses the action of engaging in piracy," as "he certainly understood the grave outcomes that could, and indeed did, result from the activity in which he was engaged" and "the actions of each individual set the stage for the murders that followed." ECF No. 1148 at 6-7.

The seriousness of Defendant's conduct cannot warrant compassionate release when the Defendant has served only a relatively small portion (13 years) of his life sentence. See, e.g., United States v. Kibble, 992 F.3d 326, 331 (4th Cir. 2021) (affirming district court's denial of compassionate release based in part on consideration of the amount of time already served). Releasing the Defendant at this point would fail to reflect the seriousness of the offense, promote respect for the law, or provide adequate deterrence. See 18 U.S.C. § 3553(a). For the aforementioned reasons, even if this court were to find that Defendant presented an "extraordinary and compelling" reason, the court would deny his motion for compassionate release under the § 3553(a) factors.

The findings in cases concerning Defendant's co-defendants affirm this result. In each case, the court has found that the severity of the crime combined with the lengthy time remaining on each defendant's sentence forecloses compassionate release. See United States v. Nurani, 2023 WL 2058649, at *8 (E.D. Va. Feb. 16, 2023) (Smith, J.) (finding compassionate release was inappropriate given the time remaining on the defendant's sentence and the seriousness of the offense); United States v. Yusuf, 605 F. Supp. 3d 739, 743 (E.D. Va. 2022) (Smith, J.) (same); Burale, 2022 WL 1439663, at *9 (same); but see Osman v. United States, 2023 WL 3765246, at *5-7 (E.D. Va. June 1, 2023) (Jackson, J.) (finding, in a case involving similar acts of piracy, that the defendant's health issues, rehabilitation, family circumstances, and low recidivism risk, when taken together, justified compassionate release) vacated and remanded, 2024 WL 3633573 (4th Cir. Aug. 2, 2024). This is not to say that compassionate release may not be warranted in the future, as "this court does not suggest that compassionate release is categorically inappropriate in cases [such as piracy] where a lengthy mandatory minimum was applied[.]" United States v. Hasan, 2022 WL 1125391, at *5 (E.D. Va. Mar. 23, 2022) (Davis, C.J.). Certainly, at this juncture, it is not warranted.

Defendant's sentence remains "sufficient, but not greater than necessary," to achieve the aims of 18 U.S.C. § 3553(a). He

has not shown legal or factual justification for compassionate release nor an "extraordinary or compelling" reason to so justify.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release, ECF No. 1286, is **DENIED**. The Judgment entered on March 30, 2012, ECF No. 437, remains in full force and effect.

The Clerk is **DIRECTED** to forward a copy of this Opinion to Defendant, the United States Attorney at Norfolk, and the Bureau of Prisons.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

November 14, 2024